By the Court.—Sedgwick, Ch. J.
—The complaint began by sufficiently stating a cause of action for goods sold ■ and delivered. It then proceeded, that the defendant was guilty of a fraud in contracting and incurring the liability, in that, in the bargaining for the sale, he did and said certain things. It was not alleged that ány of his acts were fraudulently done. It alleged that certain things he represented to exist did not exist, but it was not alleged that any of his representations were fraudulently made, or with knowledge that they were not true, or with intent to defraud the plaintiff. The answer admitted the sale for the price alleged in the complaint, but denied all the other allegations of the complaint.
On the trial, before testimony given, the defendant moved to dismiss the complaint; and the ground was, as I understand, that although the complaint averred that the defendant was guilty of fraud in contracting the indebtedness, no averments were made that facts existed which constituted the fraud, and that in such a case the plaintiff was not entitled to recover upon the sufficient allegations as to the' sale and delivery.
I do not think that it is necessary to argue that it was not the intention of the Code to permit judgment in such a case for fraud, upon the general allegation that there was fraud. And it was clear that the complaint did not make sufficient averments as to fraud.
The question that remains is, should the judge have refused to dismiss the complaint, or should he have retained it and given judgment for the breach of contract %
It is evident that the plaintiff did not wish a mere money judgment. The admissions of the answer sufficed to give him that; but when he brought the case on for trial, his *277 demand was not only for a judgment of indebtedness on the part of the defendant, but of guilty of the fraud.
The claim is not one consisting of two separable parts, contract and fraud; it is an entire claim, comprehending both. If fraud be sufficiently alleged, but not proven, the plaintiff cannot fall back upon the cause of action on contract ; he must go to another action. Where is the substantial difference between the case of untruly stating facts, the non-proving of a part of which prevents judgment for plaintiff, and the case of truly stating all that can be proved, but which, as matter of law, does not constitute fraud % If, in a case like this, a judge should hold that there were sufficient allegations of fraud, there might be judgment for plaintiff under subdivision 4 of section 549 which would entitle the plaintiff to issue execution against defendant’s person under section 1487. If this were held to be error, could the plaintiff retain the judgment on the ground that it was sustained by sufficient allegation of indebtedness that had been admitted by answer % It is right to hold the party who begins an action on the position that it is not one where he can obtain judgment only on contract, to that position, until it is ended, although, in one sense, the allegations as to the contract are sufficient; nevertheless, until, by a trial, to the expense and trouble of which he put the defendant, he was forced to abandon the claim so far as the fraud was concerned, he never asserted that the action was on contract pure and simple.
I therefore think that the judgment should be affirmed, with costs.
Truax and O’Gorman, JJ., concurred.